United States District Court
Northern District of Indiana
Hammond Division

| | |
|---|---|
| SANDRA WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:10-CV-89 JVB |
| v. ) | |
| ) | |
| MICHELE PARRISH d/b/a WANT2SCRAP and, ) | |
| ALAN MAIER, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff, Sandra Wilson, lives in Tennessee. Defendant, Michelle Parrish, resides in Indiana and does business as Want2Scrap.

Plaintiff has filed a Motion to Dismiss Defendant's Counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (DE 19, Mot. Dismiss.) Plaintiff alleges that Defendant's Counterclaim is a "mirror image" of the initial Complaint, and that such Counterclaims are "routinely dismiss[ed]" by courts. (*Id.* at 3.)

**A.     Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss a counterclaim, a court must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

In *Bell Atlantic Corp. v. Twombly*,127 S.Ct. 1955 (2007)*,* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007). The factual allegations of the pleading must be enough to raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face. *Id*. The Court of Appeals for the Seventh Circuit, reading *Bell Atlantic* and *Erickson v. Pardus,*127 S.Ct. 2197 (2007)[1] together, has said "we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.**"** *Airborne Beepers & Video, Inc. v. AT &T Mobility LLC***,** 499 F.3d 663, 667 (7th Cir 2007).

**B. Facts and Background**

The original Complaint in this case arose from a dispute over the use of a dress-shaped acrylic scrapbook album cover design. (DE 1, Compl. ¶ 1.) Plaintiff claims to have created the original design some time around May 2008 and first posted the design on her Internet blog on May 14, 2008. (*Id.* at 7.) She sent it to Defendant, for whom she had earlier performed some independent contractor work, in November or December 2008, for the purpose of receiving "laser cut" versions of the design for her own personal use and sale. (*Id.* at 9–10.) In late April

---

[1]*Erickson* was decided two weeks after *Bell Atlantic*.

2009, Plaintiff alleges that she noticed that her original design was being displayed on Defendant's Web site, for sale. (*Id.* at 12.) Plaintiff also claims to have seen and photographed the design for sale at Defendant's booth at a convention in Nashville, Tennessee, in September, 2009. (*Id.* at 13.)

On January 27, 2010, Plaintiff sent Defendant a copyright infringement notification via an email. *(Id.* at 14. Defendant responded by disputing the allegations. *Id.* Plaintiff thereafter filed Complaint for copyright infringement, under 17 U.S.C. §102(a), on March 31, 2010. *Id.*

On May 17, 2010, Defendant filed her answer to the Complaint, along with her Countercomplaint. (DE 18, Countercompl. at 15.) Defendant's Counterclaim seeks 1) a declaratory judgment that Defendant has not infringed any of Plaintiff's copyrights for an acrylic dress scrapbook album design; 2) a declaratory judgment that Plaintiff's alleged copyrights for an acrylic dress scrapbook album are invalid and unenforceable; 3) costs of the action, including reasonable attorneys' fees, travel expenses, amounts lost to prosecute the action, amount lost for any employees and agents to assist in prosecuting this action, and "all other reasonable costs of collection." *Id.*

On May 20, 2010, Plaintiff filed a Motion to Dismiss the Counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (DE 19, Mot. Dismiss.) Plaintiff claims that the Counterclaim is "redundant and unnecessary." (DE 19, Mot. Dismiss at 2, quoting *Arista Records, LLC et al. v. Tschirhart*, Cause No. SA-05-CA-372, at 9 [W.D. Texas May 24, 2006.]) According to Plaintiff, "courts routinely dismiss 'mirror image' counterclaims where they merely restate issues already before the court as part of plaintiff's affirmative case." (DE 19 at 3.)

**C. Analysis**

The cases that Plaintiff relies on for support of its Motion to Dismiss are distinguishable from the present case. In *Alden, Inc. v. Packel*, 524 F.2d 38 (3d Cir. 1975), a counterclaim for declaratory relief was dismissed after the court found that it presented "identical issues [as] posited by the complaint," therefore rendering the counterclaim "moot" and "redundant." *Id.* at 53. However, that dismissal occurred after summary judgment had been granted. *Id.* Therefore, relief sought via the counterclaim was provided by the judgment. The court in *Veltman v. Norton Simon, Inc.*, 425 F. Supp. 774 (S.D.N.Y. 1977) traveled the same path to dismissal of the defendant's counterclaim. *Id.* at 776. The court dismissed the counterclaim there as moot only after it determined that the plaintiffs in the case were "not entitled to any recovery on their complaint" and dismissed their case. *Id.*

In contrast, the current case is only at the pleading stage. The case could conceivably be decided on grounds other than the copyright infringement claim, which would keep Defendant's desire for the declaratory judgment sought in the Counterclaim relevant. Also, as Defendant points out, "a counterclaim for declaratory judgment preserves the infringement issue against a voluntary dismissal by the plaintiff." (DE 20, Resp. Mot. Dismiss at 3.) If Plaintiff were to dismiss her claims, Defendant would have to initiate her own new claim, from scratch, in order to receive a court judgment that would protect attempts to sell or otherwise transfer her own intellectual property rights in any allegedly infringing works. (*Id.*) Also distinguishable is *Lee v. Park Lane Togs, Inc.*, 81 F. Supp. 853 (S.D.N.Y. 1948). Although Plaintiff cites it in support of her claim, *Lee*, a Southern District of New York Case decided more than six decades ago, was not a copyright infringement case but rather an unfair competition case. *Id.* at 854. The *Lee* court

explicitly noted that copyright infringement cases were not on point. *Id.*

**D. Conclusion**

Defendant has valid legal reasons, apart from the eventual fate of the initial Complaint, to pursue the Counterclaim.

Accordingly, Court denies Motion to Dismiss. (DE 19.)

SO ORDERED on June 11, 2010.

   S/ Joseph S. Van Bokkelen

JOSEPH S. VAN BOKKELEN

UNITED STATES DISTRICT JUDGE